**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

LARRY WALTHALL,

    Plaintiff,

v.

CASE NO. 07-CV-13117

DISTRICT JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE CHARLES BINDER

CATHY M. GARRETT,
Wayne County Circuit Court Clerk,
JAMES R. CHYLINSKI,
Wayne County Circuit Court Judge,
KIM WORTHY,
Wayne County Prosecutor,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

## II.    REPORT

### A.    Introduction

Plaintiff Larry Walthall is a state prisoner who is currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. On July 25, 2007, Plaintiff filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned magistrate judge for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). On August 9, 2007, Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a)(1). After screening the *pro se* complaint pursuant to 28 U.S.C.

§§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I find that the case is ready for report and recommendation.

**B.     Background**

In November 1986, Plaintiff was convicted by a Wayne County Circuit Court jury of first-degree murder and possession of a firearm during the commission of a felony. He was sentenced to life imprisonment without the possibility of parole for the murder conviction and two years imprisonment for the felony-firearm conviction. The Michigan Court of Appeals affirmed Plaintiff's conviction, *see People v. Walthall*, No. 98625 (Mich. Ct. App. Dec. 27, 1989), and the Michigan Supreme Court denied leave to appeal. *See People v. Walthall*, No. 88108 (Mich. Oct. 30, 1990).

Plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 11, 1992, which was denied on the merits. *See Walthall v. Stegall*, No. 92-72577 (E.D. Mich. Jan. 26, 1993) (Friedman, J.). On March 22, 1999, Plaintiff filed a second petition for a writ of habeas corpus, which was transferred to the Sixth Circuit Court of Appeals as a successive petition pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 1631. *See Walthall v. Stegall*, No. 99-71382 (E.D. Mich. May 30, 2000) (Rosen, J.).

In the instant civil rights complaint, Plaintiff seeks $2.1 million from Wayne County Circuit Court Clerk Cathy Garrett, Wayne County Circuit Court Judge James Chylinski, and Wayne County Prosecutor Kym Worthy for failure to provide him with replacement copies of his 1986 trial transcripts. (Compl. at 4.) From various correspondence that Plaintiff has attached to his complaint, it appears that his original copies of his trial transcripts were lost in 1998 when he was transferred from one Michigan Department of Corrections facility to another, (*see* "Motion for Court Order into Inquiry of Trial Transcripts" dated 5/16/07 at 3, attach. to compl.), and all

2

subsequent attempts to obtain replacements copies have failed. On September 28, 2004, the Wayne County Clerk Staff responded to Plaintiff's request with a letter informing him that if he would like a copy of his "file," it consists of 300 pages and the charge is $1.00 per page. (*See* Letter dated 9/28/04, attach. to compl.) Plaintiff sent three-hundred dollars to the court, but the copy of his "entire court file" he received did not include the transcripts. The letter that accompanied the file explained that, "[a]s for your transcripts, our records show that a letter was sent to you on July 7, 1994, stating that your transcripts were held in your possession. Therefore, copies of your transcripts cannot be copied." (*See* Letter dated 5/3/07, attach. to compl.) Plaintiff attempted to get a "refund" of his three-hundred dollars, but to no avail. Thus, he filed this suit seeking damages for Defendants' "vexatious" actions of concealing his transcripts, refusing to refund his money, and causing him mental anguish, pain, suffering and duress. (Compl. at 3.)

### C. Governing Law

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the United States Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, rejecting several of the Sixth Circuit's interpretations of the Act, no part of the Court's ruling altered the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 911, 166 L. Ed. 2d 798 (2007).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

**D.     Discussion**

In this case, Plaintiff has named as defendants a state court judge, a court clerk, and a prosecutor. The alleged wrong committed is the failure of the state court to provide him with replacement transcripts from his 1986 trial.

I recommend that Plaintiff's § 1983 complaint be *sua sponte* dismissed for failure to state a claim because all defendants are immune from suit for money damages.[1] The doctrine of absolute immunity of judges and other persons whose duties are essentially adjudicative or prosecutorial in nature is a firmly established principle of section 1983 litigation. *See Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872). In this case, Defendant Judge Chylinski is entitled to absolute immunity, *see Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Defendant Garrett, a court clerk, is entitled to quasi-judicial immunity, *see Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988), and Defendant Worthy is entitled to prosecutorial immunity. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).

Federal law provides that the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint, or any portion of the complaint" if the complaint "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). In this case, I suggest that all defendants are immune, and therefore recommend that the Court *sua sponte* dismiss the case with prejudice.

---

[1] Although Plaintiff's pleading has the dual title of "Complaint" and "Petition for Injunctive Relief," the body of the complaint seeks only monetary damages. (*See* "Prayer for Relief," compl. at 4.)

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                               s/ *Charles E. Binder*
                                                             CHARLES E. BINDER
Dated: November 1, 2007                      United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served on Larry Walthall by first class mail, and served on District Judge Hood in the traditional manner.

Date: November 1, 2007                     By     s/Jean L. Broucek
                                                            Case Manager to Magistrate Judge Binder