# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**LARRY WALTHALL,**

    **Plaintiff,**

v.

Case No. 07-13117

HONORABLE DENISE PAGE HOOD

**CATHY M. GARRETT,**
Wayne County Circuit Court Clerk,
**JAMES CHYLINSKI,**
Wayne County Circuit Court judge,
**KIM WORTHY,**
Wayne County Prosecutor,

    **Defendants.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I.    Background**

Plaintiff Larry Walthall is a state prisoner who is currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. In November 1986, Plaintiff was convicted by a Wayne County Circuit Court jury of first-degree murder and possession of a firearm during commission of a felony. Plaintiff was sentenced to life imprisonment without the possibility of parole for the murder conviction, and he also was sentenced to two years imprisonment for the felony-firearms conviction, *see People v. Walthall*, No. 98625 (Mich. Ct. App. Dec. 27, 1989), and the Michigan Supreme Court denied leave to appeal. *See People v. Walthall*, No. 88108 (Mich. Oct. 30, 1990).

Plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 11, 1992, which was denied on the merits. *See Walthall v. Stegall*, No. 92-72577 (E.D.Mich. Jan. 26, 1993)(Friedman, J.). On March 22, 1999, Plaintiff filed a second petition for a writ of

habeas corpus, which was transferred to the Sixth Circuit Court of Appeals as a successive petition pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 1631. *See Walthall v. Stegall*, No. 99-71382 (E.D. Mich. May 30, 2000)(Rosen, J.).

In the instant civil rights complaint, Plaintiff seeks $2.1 million from Wayne County Circuit Court Clerk Cathy Garrett, Wayne County Circuit Court Judge James Chylinski, and Wayne County Prosecutor Kim Worthy for failure to provide him with replacement copies of his 1986 trial transcripts. (Compl. At 4).

The case was referred to Magistrate Judge Charles Binder for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). On November 1, 2007, the Magistrate issued a Report and Recommendation that the claim be dismissed sua sponte for failure to state a claim. **(Docket. No. 11).** Plaintiff filed his timely objection to the Report and Recommendation November 8, 2007. **(Docket No. 16).**

**II.** **Standard of Review**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1(c). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

**III.** **Applicable Law**

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 7`5 (6th Cir. 1999). Rule

8(a) sets forth the basic federal pleading requirement that a complaint "shall contain...a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J. H. Routh Packing Co.,* 246 F. 3d 850, 854 (6th Cir. 2001). Despite the relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Federal law provides that the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint, or any portion of the complaint" if the complaint "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

**IV.    Analysis**

The Magistrate Judge Binder recommends that Plaintiff's § 1983 complaint be *sua sponte* dismissed for failure to state a claim "because all defendants are immune from suit for money damages. The doctrine of absolute immunity of judges and other persons whose duties are essentially adjudicative or prosecutorial in nature is a firmly established principle of section 1983 litigation." Report and Rec., at 5. *See Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L.Ed. 2d 288 (1967); *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872).

This Court agrees with the Magistrate Judge in concluding that Defendant Judge Chylinski is entitled to absolute immunity, *see Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S. Ct. 286, 116 L. Ed. 9 (1991). Defendant Worthy is entitled to prosecutorial immunity. *See Skinner*

*v. Govorchin*, 463 F. 3d 518, 525 (6th Cir. 2006). In Plaintiff's objection to the Magistrate Judge's Report and Recommendation, Plaintiff concedes the fact that Defendants Chylinski and Worthy are beyond suit for damages, and on November 8, 2007 Defendant moved this Court for leave to file an amended complaint against the one remaining Defendant, Defendant Garrett.

Defendant Garrett, the Wayne County Clerk, is entitled to quasi judicial immunity. *See Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). Plaintiff contends that Defendant Garrett acted outside the exercise of her functions with deliberate indifference, and alleges various acts of wrongdoing by the county clerk, ranging from malfeasance and fraud, to nonfeasance. This Court finds that Defendant Garrett's quasi judicial immunity encompasses the alleged wrongdoing of not furnishing the 1986 transcripts in question in this case, as that function is not outside the scope of her employment as a matter of law.

## VI. Conclusion

The Court adopts the Magistrate Judge's Report and Recommendation.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Charles Binder**, [Docket No. 11, filed on November 1, 2007]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel **[Docket No. 3, filed August 1, 2007]** is MOOT.

IT IS ORDERED that Defendant's claim be DISMISSED, pursuant to 28 U.S.C. §

1915A(b)(2). **[Docket No. 10, filed on January 11, 2007]**.


                                              S/Denise Page Hood
                                              Denise Page Hood
                                              United States District Judge

Dated: February 14, 2008

     I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2008, by electronic and/or ordinary mail.

                                              S/William F. Lewis
                                              Case Manager